IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY L. MCLEMORE,**

    **Plaintiff,**

    v.                                    CASE NO. 23-3219-JWL

**KEENAN BREEN,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. The Court screened Plaintiff's Complaint (Doc. 1) and entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") advising Plaintiff that it may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). This matter is before the Court on Plaintiff's response (Doc. 6) and Amended Complaint (Doc. 7).

In his Amended Complaint, Plaintiff claims that on July 14, 2023, as he was walking down an alley in Salina, Kansas, a vehicle approached Plaintiff from behind and placed a spotlight on Plaintiff. (Doc. 7, at 2.) Plaintiff claims that "without looking back," he continued walking in the direction he was headed. *Id*. Plaintiff alleges that Salina Police Officer Keenan Breen illegally detained Plaintiff and seized Plaintiff's property "without the belief that a crime had been committed or was afoot."[1] *Id*. at 3. Plaintiff claims that Officer Breen caused injuries when he forcefully subdued Plaintiff without permission. *Id*.

---

[1] Plaintiff has filed multiple cases in this Court. It is unclear if his current case is related to his other pending cases. *See, e.g., McLemore v. Snyder*, Case No. 23-3217 (D. Kan.) (Plaintiff claims he was pulled over as he was walking and arrested on four counts of identity theft).

Plaintiff claims unlawful search and seizure in violation of the Fourth Amendment and excessive force in violation of the Eighth Amendment. *Id.* Plaintiff names Officer Breen as the sole defendant and seeks declaratory relief and punitive, compensatory, and nominal damages. *Id.* at 5.

The Court advised Plaintiff in the MOSC that it may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff argues in his response that his federal civil case should take priority over his state criminal proceedings. (Doc. 6, at 10–12.) However, *Younger* apples when a state judicial proceeding is ongoing. Furthermore, "[o]nce these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff acknowledges in his response to the MOSC that "[a]s a result of the stop referenced to herein; Defendant McLemore has been charged with a lev. 4 Agg. Battery on a LEO, fel. Obstruction of justice; and misdemeanor Assault." (Doc. 6, at 6.) Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal

proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).  Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

This case will be stayed pending further order of the Court.  Plaintiff should notify the Court as soon as his state criminal proceedings have concluded.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **stayed** pending further order of the Court.  Plaintiff should notify the Court as soon as his state criminal proceedings have concluded.

(Proceeding)

**IT IS SO ORDERED**.

**Dated November 8, 2023, in Kansas City, Kansas.**

                                       **S/ John W. Lungstrum**
                                       **JOHN W. LUNGSTRUM**
                                       **UNITED STATES DISTRICT JUDGE**