IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY L. MCLEMORE,

    **Plaintiff,**

v.                                                CASE NO. 23-3219-JWL

KEENAN BREEN,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing Plaintiff was in custody at the Saline County Jail in Salina, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On November 8, 2023, the Court entered a Memorandum and Order (Doc. 8) staying this case pending further order of the Court. The Court directed Plaintiff to notify the Court as soon as his state criminal proceedings have concluded. On October 22, 2024, the Court entered an Order (Doc. 9) directing Plaintiff to provide the Court with an update on the status of his state criminal proceedings by November 15, 2024. The Order provides that "[t]he failure to respond by the deadline may result in the dismissal of this matter without prejudice for failure to prosecute." (Doc. 9, at 1.)

The Order was mailed to Plaintiff at his current address of record at the Saline County Jail and was returned to the Court as undeliverable.[1] (Doc. 10.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk of any change of address or telephone number." D. Kan. Rule 5.1(b)(3). The Federal Rules of Civil Procedure provide that a paper is served by "mailing it to the person's last known address—in which event service is

---

[1] The Saline County Jail's website does not list Plaintiff as a current inmate. *See* https://www.salinecountyks.gov/Sheriff-Office/Online-search/Housed-Inmates (last visited November 20, 2024). Plaintiff's state court criminal case shows that he was released on bond around August 21, 2024. *See State v. McLemore*, Case No. SA-2023-CR-000537 (District Court of Saline County, Kansas).

1

complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).  Plaintiff has failed to provide the Court with a Notice of Change of Address, and has failed to respond to the Court's Order by the deadline.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)."  *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the Court's Order by the deadline.  Therefore, this matter is dismissed without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated November 20, 2024, in Kansas City, Kansas.

S/ John W. Lungstrum  
**JOHN W. LUNGSTRUM**  
**UNITED STATES DISTRICT JUDGE**